UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

Rodolfo Romero                                    Chapter 7
Stephanie Romero                                  Case Number 18-14644
                                                  Honorable Frank J. Bailey

              Debtors

_____/

## MOTION OF HOME POINT FINANCIAL FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

Home Point Financial, a secured lien holder in the above captioned Chapter 7 proceeding, moves this court for an order, pursuant to 11 U.S.C. §362(d) and Rule 4001 of the Rules of Bankruptcy Procedure for relief from the automatic stay of 11 U.S.C. §362(a) so that it may foreclose a mortgage which it holds on real property known and numbered as 419 Woburn Street, Wilmington, MA 01887 and commence a summary process action against occupants of the Property. In support of its motion, Home Point Financial states the following:

1.      On April 28, 2016, Stephanie Romero and Rodolfo Romero executed a note to Home Point Financial Corporation in the original principal amount of $378,026.00 (the "Note"). Movant is the original noteholder.

2.      The Note is secured by a mortgage from Stephanie Romero and Rodolfo Romero to Mortgage Electronic Registration Systems, Inc., dated April 28, 2016 and recorded with the Middlesex County (Northern District) Registry of Deeds at Book 29994, Page 134, subsequently assigned to Home Point Financial Corporation by assignment dated April 8, 2019 and recorded in said Middlesex County (Northern District) Registry of Deeds at Book 32882, Page 215. The Mortgage is a first mortgage on real property owned by the Debtors known and numbered as 419 Woburn Street, Wilmington, MA 01887 (the "Property").

3.      Home Point Financial is the current holder of the Mortgage.

4.      Home Point Financial is the current holder of the Note.

5.      Home Point Financial Corporation services the loan on the property referenced in this Motion for Relief. In the event the automatic stay in this case is lifted/set aside, this case dismisses, and/or the Debtors obtain a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Home Point Financial.

6.      Home Point Financial directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Note-holder or has been duly endorsed.

7.      On December 14, 2018, the Debtors filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

8.      The Note and the Mortgage are in contractual default for the March 1, 2019, payment and all subsequent payments in the net total amount of $4,646.02, plus reasonable attorney's fees and costs and other charges incurred.

9.      There is no other collateral securing the obligation.

10.     According to Debtors' Schedule "A", the fair market value of the Property is $500,000.00. Home Point Financial estimates that the liquidation value of the Property is no greater than $470,000.00, which is the market value minus 6% for the cost of sale.

11.     According to Schedule C, the Debtors are claiming an exemption in the Property in the amount of $139,920.00 pursuant to Mass. Gen. Laws c.188, §§ 1, 3.

12.     A Declaration of Homestead  by Stephanie Romero and Rodolfo Romero, dated April 28, 2016, was recorded with the Middlesex County (Northern District) Registry of Deeds at Book 29994, Page 146.

13.     As of April 15, 2019, the total outstanding balance owed on the Note was $358,887.92.

14.     The estimated amount of encumbrances on the Property is $358,887.92.

15.     Home Point Financial is not aware of any other liens on the Property and Debtors'

Schedule "D" does not list any other liens.

16.     Home Point Financial is entitled to relief from the automatic stay for cause pursuant to 11

U.S.C. §362(d)(1) because the Debtors have not made payments pursuant to the Note and

Mortgage.

WHEREFORE, Home Point Financial moves that the court enter an order granting Home

Point Financial relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its

successors and assigns, may exercise its rights pursuant to the Note and Mortgage in accordance with

applicable state and federal law, and may commence a summary process action against occupants of

the Property. Home Point Financial moves that entry of the Order shall be effective immediately

upon entry, notwithstanding the provisions of FRBP 4001(a)(3).

Home Point Financial
By its attorneys,

Date:  April 19, 2019

Respectfully Submitted,

   /s/ Craig B. Rule
Craig B. Rule, Esq. 569123
Orlans PC
Attorneys for Home Point Financial
PO Box 5041
Troy, MI 48007
(248) 502-1400
Email: bankruptcyNE@orlans.com
File Number: 19-003027